IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROBERT ALLEN and SUZETTE ALLEN,<br><br>    Plaintiffs,<br><br>v.<br><br>LEWISVILLE INDEPENDENT SCHOOL DISTRICT,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§   Civil Action No. 4:22-cv-365-KPJ<br>§<br>§<br>§<br>§<br>§ |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs Robert Allen and Suzette Allen's ("Plaintiffs") Motion for Additional Evidence (the "Motion") (Dkt. 21). Defendant Lewisville Independent School District ("Defendant") filed a response in opposition (Dkt. 22); Plaintiffs filed a reply (Dkt. 23); and Defendant filed a sur-reply (Dkt. 24). For the reasons that follow, the Court finds the Motion (Dkt. 21) is **GRANTED**.

## I.  BACKGROUND

On May 2, 2022, Plaintiffs filed their complaint (the "Complaint") (Dkt. 1) against Defendant under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"). Plaintiff Robert Allen was a student in the Lewisville Independent School District and is above the age of eighteen. *See* Dkt. 1 at 2. Plaintiff Suzette Allen is the mother of Plaintiff Robert Allen and filed as the petitioner for the administrative due process hearing pursuant to a power of attorney granted by Plaintiff Robert Allen. *See id.* Plaintiff Suzette Allen requested a due process hearing on December 21, 2021, alleging Defendant failed to identify Plaintiff Robert Allen as eligible for Special Education and, as a result, denied him a Free Appropriate Public Education ("FAPE"). *See id.* at 4. Plaintiffs assert the Special Education Hearing Officer's ("SEHO")

1

findings of fact and conclusions of law at the IDEA hearing (the "Hearing") held in *Robert A. b/n/f/ Suzette A. v. Lewisville ISD*, Docket No. 111-SE-1221, were erroneous. *See id.* Additionally, Plaintiffs argue Defendant deprived Plaintiff Robert Allen of his rights under Section 504 in *Robert A. and Suzette A. v. Lewisville School District*, Docket No. 1453-22007. *See id.* at 3–4. On July 1, 2022, Defendant filed its answer. *See* Dkt. 7. On September 1, 2022, the case was referred to the undersigned for all further proceedings and the entry of judgment in accordance with 28 U.S.C. Section 636(c) and the foregoing consent of the parties. *See* Dkt. 12.

On January 25, 2023, Plaintiffs filed the Motion (Dkt. 21), wherein they request to admit the following evidence that was not offered at the Hearing: P-24: 04/04/2022 Full Individual Evaluation (the "FIE") and P-25: 04/18/2022 Individual Education Plan (the "IEP"). *See id.* at 2. Plaintiffs argue the FIE should be admitted because the FIE "finds that [Plaintiff Robert Allen] should be eligible as a Student with a disability under multiple conditions including Autism, Other Health Impairment (ADHD), Emotional Disturbance, a Specific Learning Disability, and Speech Impairment." *Id.* at 2. Plaintiffs argue the IEP should be admitted because the IEP shows that "Defendant [found] Student eligible for special education, Autism, Other Health Impairment (ADHD), Emotional Disturbance, a Specific Learning Disability, and Speech Impairment." *Id.*

In its response (Dkt. 22), Defendant argues, "Federal jurisprudence establishes that the IDEA's additional evidence provision does not mandate unrestricted admission of additional evidence; instead, it requires courts to weigh the appropriateness of supplementation to the administrative record and significantly limits the instances in which additional evidence is appropriate." Dkt. 22 at 2 (citing *Marc V. v. N.E. Indep. Sch. Dist.*, 455 F. Supp. 2d 577, 597 (W.D. Tex. 2006); *Town of Burlington v. Dep't. of Edu. for the Commonwealth of Mass.*, 736 F.2d 773 (1st Cir. 1984)). Defendant argues the Court should deny Plaintiffs' request for additional evidence

because "Plaintiffs thwarted [Defendant's] attempts [to complete an FIE] by failing to provide consent." Dkt. 22 at 3. Defendant further argues Plaintiffs cannot establish how the FIE and IEP are relevant to the appeal of the SEHO's decision. *See id.* (citing FED. R. EVID. 401, 402, 403).

In the reply (Dkt. 23), Plaintiffs argue the "only real qualifier that the [Fifth] Circuit has attached to IDEA's mandate that district courts' 'shall hear evidence at the request of a party' is that the evidence be truly additional." *Id.* at 1 (citing *E. R. ex rel. E. R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 763 (5th Cir. 2018) (per curiam)). Plaintiffs further argue Defendant's argument as to Plaintiffs' consent is misleading, as Plaintiffs assert they were requested to provide consent on January 6, 2022, and Plaintiffs provided their consent on January 24, 2022. *See id.* at 2. Plaintiffs argue it took Defendant approximately seventy days to complete the FIE and Defendant "can't believably argue that they could have done [the FIE] in 18 days what . . . in reality took them 70 days to do." *Id.* Plaintiffs also argue this evidence should not be barred under the Federal Rules of Evidence as Plaintiffs' evidence is not more prejudicial than probative. *See id.* at 3. Plaintiffs finally assert the additional evidence is relevant because the Court is being requested to reverse the SEHO's determination regarding eligibility, which is "completely within the [C]ourt's power under its *de novo* review to do." *Id.* at 4. In support, Plaintiffs include Plaintiffs' Consent for Evaluation dated January 24, 2022 (Dkt. 23-1) and the IEP Meeting/PEIMs Data Summary dated April 18, 2022 (Dkt. 23-2).

In the sur-reply (Dkt. 24), Defendant argues "Plaintiffs had no intention of providing consent prior to the underlying due process hearing and, as such, there was no opportunity to continue the due process hearing pending the completion of the FIE." *Id.* at 1. Defendant quotes the Administrative Record ("AR") as follows:[1]

---

[1] The Court cites to the Administrative Record's pagination in the bottom right corner.

3

> MS. MATTHEWS: Judge Kovach, it would be helpful for the Respondent to know whether Petitioner is going to give consent for the district to conduct its evaluation.
>
> HEARING OFFICER KOVACH: Mr. McKnight, Ms. Liva, do you have a response now or do you need to talk with your client?
>
> [Plaintiffs' counsel]: At this point we're not anticipating doing that prior to hearing, especially under the expedited timeline. That's not going to be completed prior to hearing. We think this needs to be addressed prior to that occurring, and so that's our position, Your Honor.
>
> HEARING OFFICER KOVACH: Let me clarify then. Your client is not going to provide consent prior to the due process?
>
> [Plaintiffs' counsel]: Prior to the due process, that's correct.

*Id.* at 1–2 (quoting AR 753). Defendant further argues Plaintiffs "essentially concede their additional evidence is not relevant to the Child Find claim before the Court" and rather assert the additional evidence goes to eligibility. *Id.* at 2. Defendant asserts that "eligibility was not an issue before the Special Education Hearing Officer (SEHO) in the underlying special education due process hearing." *Id.* Rather, Defendant asserts the following issues were before the SEHO in the underlying special education due process hearing:

- Whether the District violated its Child Find obligations in failing to timely evaluate Student in all areas of suspected disability or need;

- Whether the District violated the IDEA by failing to develop an Individual Education Plan (IEP), including the provision of related services;

- Whether the District violated IDEA in failing to conduct a MDR in compliance with the protections of the IDEA procedure; and

- Whether the District failed to comply with procedural obligations under the IDEA and related laws.

*Id.* Finally, Defendant argues that "even if the Court finds Lewisville ISD violated its Child Find obligations—an allegation the District adamantly denies—the questions before the Court then become[:] when was Child Find triggered[;] when did the District satisfy its Child Find

4

obligation[;] and was the delay between the two dates reasonable." Dkt. 24 at 3 (citing *Lisa M. v. Leander Indep. Sch. Dist.*, 924 F.3d 205, 214 (5th Cir. 2019)).

## II.  LEGAL STANDARD

"IDEA states district courts 'shall hear additional evidence at the request of a party.'" *E. R.*, 909 F.3d at 763 (quoting 20 U.S.C. § 1415(i)(2)(C)(ii)). However, the Fifth Circuit has made clear that the "evidence must be 'additional'" and "'the determination of what is 'additional' evidence must be left to the discretion of the trial court.'" *Id.* (quoting *Town of Burlington*, 736 F.2d at 790–91). The Fifth Circuit has also explained that "courts should 'avoid turning the administrative hearing into a 'mere dress rehearsal' followed by an 'unrestricted trial *de novo*.'" *Id.* at 764 (quoting *Schaffer ex rel. Schaffer v. Weast*, 554 F.3d 470, 476 (4th Cir. 2009)). This is because the "'parties could always introduce additional evidence in the district court to patch up holes in their administrative case'" and the "'administrative proceedings would no longer receive the weight that they are due.'" *Id.* (quoting *Schaffer ex rel. Schaffer*, 554 F.3d at 476) (internal quotation marks omitted).

Thus, "[e]vidence that is cumulative, is irrelevant, is untimely, or merely bolsters existing evidence is not additional." *H.L. ex rel. R.L. v. Allen Indep. Sch. Dist.*, No. 4:21-CV-749, 2022 WL 3441873, at *1 (E.D. Tex. Aug. 16, 2022) (citing *Angela B. ex rel. T.S. v. Dall. Indep. Sch. Dist.*, No. 3:20-CV-0188, 2020 WL 2838994, at *2 (N.D. Tex. June 1, 2020)). However, examples of evidence that are "truly additional" include "evidence that the hearing officer improperly excluded and evidence concerning relevant events that occurred after the administrative hearing." *Id.* (citing *Angela B. ex rel. T.S.*, 2020 WL 2838994, at *2). Such "subsequently-acquired evidence may be particularly relevant where it provides 'significant insight into the child's condition, and the reasonableness of the school district's action, at the earlier date.'" *Angela B. ex rel. T.S.*, 2020

WL 2838994, at *2 (quoting *Archer v. Northside Indep. Sch. Dist.*, 2018 WL 7572498, at *1 (W.D. Tex. Dec. 10, 2018) *aff'd sub nom. A.A. v. Northside Indep. Sch. Dist.*, 951 F.3d 678 (5th Cir. 2020)).

### III. ANALYSIS

Defendant asserts "the threshold issue in the underlying special education due process hearing was whether Lewisville ISD violated its Child Find obligation under the IDEA by failing to timely evaluate Robert Allen in all areas of suspected disability." Dkt. 22 at 3. Defendant argues that because the SEHO found against Plaintiffs on this issue, whether or not the proposed additional evidence is relevant to the eligibility question does not matter, as Plaintiffs would still fail on the threshold Child Find question. *See id.* at 3–4. In the reply (Dkt. 23), Plaintiffs argue that the Child Find and eligibility questions are "separate issues"; i.e., the Child Find question need not be answered "yes" before the SEHO move to the eligibility question. *See* Dkt. 23 at 3. In the sur-reply (Dkt. 24), Defendant contends that "eligibility was not an issue before the [SEHO]," as evidenced by the SEHO's recitation of the Petitioner's Issues. *See* Dkt. 24 at 3 (citing AR 4). Additionally, Defendant contends that "because the SEHO found Lewisville ISD did not violate its Child Find obligations, the SEHO never reached the issue of eligibility." Dkt. 24 at 3–4.

The Court finds unpersuasive Defendant's efforts to parse out the Child Find and eligibility questions as to render the former a threshold question to reach the latter. These questions are interrelated, as the SEHO's report makes clear. *See* AR 13–14 ("[I]n order to prevail on the claim that Petitioner was denied FAPE and the Child Find obligation violated, Petitioner must (1) prove Student was *eligible* under the IDEA because he had a qualifying disabling condition; and (2) required special education and services.") (emphasis added). The fact that the SEHO made separate findings as to "Child Find" (Conclusion of Law #4) and "eligibility" (Conclusion of Law #5) does

not erase the fact that eligibility is part and parcel of the Child Find inquiry. *See id.* at 16–17. To the extent these inquiries should be viewed separately, the inclusion of the "eligibility" question in the Conclusions of Law is sufficient to demonstrate that the issue of "eligibility" was before the SEHO.

Next, Defendant asserts the FIE and IEP are improper hindsight evidence, i.e., "an alleged Child Find violation is judged based on the information available at the time the allegation is made—not based on a subsequent offer to complete an FIE, a subsequent eligibility determination, and the subsequent development of an IEP." Dkt. 22 at 5.

The Court agrees with Defendant's general contention that an eligibility determination is made based on evidence available at the time of the determination. *See Lisa M.*, 924 F.3d at 214 ("[T]he school district's eligibility determination should be assessed 'at the time of the child's evaluation and not from the perspective of a later time with the benefit of hindsight.'") (quoting *L.J. ex rel. Hudson v. Pittsburg Unified Sch. Dist.*, 850 F.3d 996, 1004 (9th Cir. 2017)). However, the Court disagrees with Defendant's argument that evidence created after the eligibility evaluation necessarily renders it inadmissible. In general, Section 1415's "additional evidence" provision permits supplementing the record with additional "evidence concerning relevant events occurring subsequent to the administrative hearing." *Town of Burlington*, 736 F.2d at 790. More specifically, "post-hearing updates may provide significant insight into the child's condition, and the reasonableness of the school district's action, *at the earlier date*." *Archer*, 2018 WL 7572498, at *1 (internal quotations omitted) (emphasis added). This is in contrast to impermissible "hindsight evidence," i.e., evidence related to how the child functioned in the wake of the eligibility decision. *See Lisa M.*, 924 F.3d at 214 ("'We judge the eligibility decision on the basis of whether it took

the relevant information into account, not on whether or not it worked.'" (quoting *L.J.*, 850 F.3d at 1004)).

The proposed additional evidence has characteristics of both (permissible) additional evidence and (impermissible) hindsight evidence. On the one hand, the FIE and IEP were each completed in April 2022, approximately three months after the initial determination was completed in January 2022. A fair inference from this rather short difference in time is that the circumstances underlying the initial determination and the circumstances underlying the FIE and IEP were substantially similar to each other. Thus considered, the FIE and IEP would each be a "post-hearing update [that] provide[s] significant insight into the child's condition, and the reasonableness of the school district's action, at the earlier date." *Archer*, 2018 WL 7572498, at *1. However, the FIE and IEP were based, at least in part, on assessments performed after the eligibility determination was made. *See, e.g.*, Dkt. 23-2 at 4 ("Based on Homebound Needs Assessment completed by Dr. Benigar on 4/18/22, Winston has a diagnosis of Major Depressive Disorder, Generalized Anxiety and ADHD."). Such evidence could be a reflection of Robert Allen's struggles caused by not receiving certain accommodations in the wake of the January 2022 eligibility decision. Federal Rule of Evidence 401 provides that evidence is relevant, and thus admissible, if "(a) it has *any tendency* to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401 (emphasis added); *see also Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 740 (5th Cir. 2020) ("[The plaintiffs] cleared the low bar for relevance established by Rule 401."). Given that there is a fair possibility the purported additional evidence provides insight into conditions existing at the time of the due process hearing, the Court finds the proffered evidence is relevant. Similarly, Defendant's arguments under Rules 401, 402, and 403 of the Federal Rules of Evidence must be denied. As explained above, the

additional evidence is relevant and there does not appear to be any argument that the additional evidence's probative value is outweighed by its prejudice.

Additionally, Defendant stresses that "the District offered to evaluate Plaintiff prior to the underlying special education due process hearing and Plaintiffs declined consent." Dkt. 22 at 3. Defendant seems to frame its argument as one of equity. *See id.* ("In other words, Lewisville ISD was ready, willing, and able to complete an FIE—the same FIE Plaintiffs want to admit into evidence—but Plaintiffs thwarted the District's attempts by failing to provide consent."). Framed another way, Defendant argues this evidence is not "truly additional," as it is not evidence the hearing officer improperly excluded, given that it was Plaintiffs' fault the evidence was unavailable at the time of the due process hearing. *See H.L.*, 2022 WL 3441873, at *1.

As Plaintiffs contend, this argument is misleading. At the prehearing conference, which was held on January 4, 2022, Plaintiffs' counsel did indicate that, prior to the due process hearing, Plaintiffs were not going to (or at least were not planning to) provide consent for the FIE to be performed. *See* AR 753. The due process hearing itself was held on February 28, 2022. *See* February 28, 2022 Due Process Hearing at 1. As Plaintiffs indicate in the reply, Plaintiffs' counsel's indications at the prehearing conference notwithstanding, consent was given on January 24, 2022, i.e., just over one month prior to the due process hearing. *See* Dkt. 23 at 2; Dkt. 23-1. Even still, in the sur-reply, Defendant continues to press this argument. *See* Dkt. 24 at 1 ("Indeed, a review of the Administrative Record reflects Plaintiffs had no intention of providing consent prior to the underlying due process hearing and, as such, there was no opportunity to continue the due process hearing pending the completion of the FIE."). Given the month-plus gap between consent being given and the due process hearing being held, the Court cannot agree with

9

Defendant's argument that "there was no opportunity to continue the due process hearing pending the completion of the FIE." *Id.*

In sum, the Court does not find Defendant's arguments availing and concludes the evidence requested is additional, relevant, and its probative value is not outweighed by prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court finds the Motion (Dkt. 21) is **GRANTED**; and P-24: 04/04/2022 Full Individual Evaluation and P-25: 04/18/2022 Individual Education Plan are **ADMITTED**.

**So ORDERED and SIGNED this 21st day of June, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE